of the departments and agencies concerned are being informed of this suggestion and of the contents of this letter, and I am sure you will find them ready to cooperate fully in rendering the assistance requested herein or otherwise needed to assure success of the program.

Within the limits of such funds as may be made available to you, you may employ necessary personnel, including a Deputy Coordinator whose appointment shall be approved by me and to whom you may make any necessary delegation of functions, and may make provision for necessary supplies, facilities, services, and for actual and necessary transportation, subsistence, and other expenses incidental to the performance of their duties. You will, of course, make use of such statistical, informational, fiscal, personnel, and other general services and facilities as you now have available or as may be made available to you through the Office for Emergency Management or other agencies of the Government.

Yours sincerely,

FRANKLIN D. ROOSEVELT.

*List of Government agencies to which were sent copies of letter of May 28, 1941, from the President to Secretary Ickes naming him Petroleum Coordinator*

(1) Department of State
(2) Department of War
(3) Department of the Navy
(4) Department of Justice
(5) Department of the Treasury
(6) Department of Agriculture
(7) Department of Commerce
(8) Department of Labor
(9) Office of Production Management
(10) Office of Price Administration and Civilian Supply
(11) Maritime Commission
(12) Interstate Commerce Commission
(13) Federal Trade Commission
(14) National Labor Relations Board
(15) Federal Loan Agency
(16) Federal Power Commission
(17) Federal Works Agency
(18) National Resources Planning Board
(19) Tariff Commission
(20) Securities and Exchange Commission
(21) Export Control

NOTE.—The Coordinator of Commercial and Cultural Relations between the American Republics was invited to and attended the first meeting of this group July 3, 1941.

## EXHIBIT 2

### EXECUTIVE ORDER NO. 9276

(Issued December 2, 1942)

ESTABLISHING THE PETROLEUM ADMINISTRATION FOR WAR AND DEFINING ITS FUNCTIONS AND DUTIES

By virtue of the authority vested in me by the Constitution and statutes as President of the United States and Commander in Chief of the Army and Navy, and in order to coordinate and centralize the war policies and actions of the Government relating to petroleum with a view toward providing adequate supplies of petroleum for the successful prosecution of the war and for other essential purposes, it is hereby ordered as follows:

1. Whenever used in this Order:

a. The term "petroleum" means petroleum, petroleum products, and associated hydrocarbons, including but not limited to natural gas, except that natural gas which has entered into gas transmission lines from field gathering lines shall not be so included.

b. The term "petroleum industry" means the production, refining, treating, storage, shipment, receipt, or distribution within the United States, its territories and possessions, of petroleum, exclusive of: (1) the transportation of petroleum, (2) the transmission of natural gas from the point of its entry into gas transmission lines from field gathering lines, and (3) the distribution of natural gas.

c. The term "transportation" means transportation as defined in U. S. Code, Title 49, section 1 (3) (a), and in Executive Orders No. 8989 and No. 9156.

2. There is established a Petroleum Administration for War, at the head of which shall be a Petroleum Administrator who shall be directly responsible to the President. The Secretary of the Interior shall serve ex officio as Petroleum Administrator hereinafter referred to as the Administrator.

3. The Administrator shall:

a. Subject to the provisions of this Order, establish basic policies and formulate plans and programs to assure for the prosecution of the war the conservation and most effective development and utilization of petroleum in the United States and its territories and possessions, issue necessary policy and operating directives to parties engaged in the petroleum industry, and appoint such general, regional, local, or functional petroleum industry committees or councils as the Administrator finds necessary: *Provided*, that no directive issued hereunder shall conflict with any direction which may be issued by the Chairman of the War Production Board pursuant to Paragraph 1 of Executive Order No. 9125 of April 7, 1942.

b. Serve, as far as practicable, as the liaison and channel of communication between the units of the petroleum industry and the several departments and agencies of the Federal Government on matters directly involving the functions and duties of the Administrator.

c. (1) Obtain from the Departments of War and the Navy, the Office of Lend-Lease Administration, the Department of State and the Board of Economic Warfare, the several divisions and branches of the War Production Board, and such other Federal departments and agencies as may be appropriate, estimates of the amounts of petroleum which will be required from the United States, its territories and possessions, to meet direct and indirect military and essential industrial and civilian requirements; and compile and analyze such estimates and submit them to the War Production Board with recommendations for the allocation of petroleum to meet such requirements.

(2) Prepare and recommend to the War Production Board estimates of the quantities and kinds of material needed by

LOIS J. SCHIFFER
Acting Assistant Attorney General
Environment and Natural Resources Division

WILLIAM A. WEINISCHKE
KATHRYN SCHMIDT
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 514-4592
(202) 514-3906

NORA M. MANELLA
United States Attorney
Central District of California
LEON W. WEIDMAN
Chief, Civil Division
PETER HSIAO
Assistant United States Attorney
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
(213) 894-6117

Attorneys for Plaintiff United States of America

LODGED
CLERK, U.S. DISTRICT COURT
NOV 18 1994
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
DEC 9 1994
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
DEC 12 1994
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., Plaintiffs, v. SHELL OIL COMPANY, et al., Defendants. AND RELATED CLAIMS | CASE No. CV 91-0589 RJK(Ex) PARTIAL CONSENT DECREE AMONG PLAINTIFFS AND OIL COMPANY DEFENDANTS REGARDING CERTAIN COST CLAIMS AND ~~[PROPOSED]~~ ORDER |

Docketed
Mld copy Ptys

DEC 14 1994

0345

DANIEL E. LUNGREN
Attorney General of the State of California

RODERICK WALSTON
Chief Assistant Attorney General

THEODORA BERGER
Assistant Attorney General

TIMOTHY R. PATTERSON
Deputy Attorney General
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, California 92186-5266
(619) 645-2013

Attorneys for Plaintiff State of California

## TABLE OF CONTENTS


| | | |
|---|---|---|
| I. | BACKGROUND | 4 |
| II. | JURISDICTION | 5 |
| III. | PARTIES BOUND | 5 |
| IV. | DEFINITIONS | 5 |
| V. | REIMBURSEMENT OF RESPONSE COSTS | 8 |
| VI. | FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE | 11 |
| VII. | ONGOING RESPONSE COSTS | 13 |
| VIII. | COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY THE UNITED STATES AND THE STATE | 13 |
| IX. | COVENANT AND RESERVATION OF RIGHTS BY SETTLING DEFENDANTS | 15 |
| X. | EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION | 17 |
| XI. | NOTICES AND SUBMISSIONS | 20 |
| XII. | RETENTION OF JURISDICTION | 21 |
| XIII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 21 |
| XIV. | SIGNATORIES/SERVICE | 22 |

# I. BACKGROUND

A. The United States of America, on behalf of the Administrator of the United States Environmental Protection Agency, and the State of California, ex rel. California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund, filed a complaint in this matter pursuant to Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2), as amended ("CERCLA").

B. The complaint seeks, among other relief, reimbursement of response costs incurred, and a declaration of liability for response costs to be incurred, by the United States and State for response actions in connection with the release or threatened release of hazardous substances at the McColl Superfund Site in Fullerton, Orange County, California ("the Site").

C. The release or threatened release of hazardous substances at or from the Site has caused the United States and the State to incur response costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

D. The United States, the State and the Settling Defendants agree and this Court, by entering this Decree, finds that settlement of this matter will avoid further prolonged and complicated litigation and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b). This Court also has personal jurisdiction over the Settling Defendants. Solely for the purposes of this Consent Decree, the Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District and shall not challenge the entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and the State, and upon the Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 <u>et</u> <u>seq</u>.

b. "Consent Decree" shall mean this Decree.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, when the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

e. "Interest," in accordance with 42 U.S.C. § 9607(a), shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the U.S. Code, compounded annually.

f. "Ongoing Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the United States and the State have incurred in connection with the Site that were paid after the dates set forth in the definitions of "Past United States Response Costs" and "Past State Response Costs." Costs incurred before the dates set forth in the definitions of "Past United States Response Costs" and "Past State Response Costs" but paid after those dates are "Ongoing Response Costs." Interest on the amounts paid pursuant to Section V of this Decree, from July 31, 1993, through the [illegible] payment, is an "Ongoing Response Cost."

g. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral.

h. "Parties" shall mean the United States, the State of California and each and every Settling Defendant.

i. "Past State Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the State has incurred in connection with the Site and paid as follows: (1) California Department of Health Services costs incurred and paid through September 30, 1990; and (2) California Department of Justice costs incurred and paid through June 30, 1991, plus accrued interest on all costs described in this paragraph through July 31, 1993.

j. "Past United States Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the United States has incurred in connection with the Site and paid through June 30, 1990, plus costs incurred and paid to contractors through September 30, 1990, in circumstances where these latter costs were paid in part with federal funds and in part with state funds, plus accrued interest on all costs described in this paragraph through July 31, 1993.

k. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

l. "Settling Defendants" shall mean Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company and Texaco, Inc.

m. "Site" shall mean the McColl Superfund site located in Fullerton, Orange County, California, encompassing approximately

twenty-two acres and the areal extent of contamination therefrom.

n. "State" shall mean the State of California, ex rel. California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund.

o. "United States" shall mean the United States of America, acting on behalf of EPA and the United States Department of Justice ("DOJ") in its capacity on behalf of EPA.

## V. REIMBURSEMENT OF RESPONSE COSTS

4. a. Payment of Past United States Response Costs. Within thirty (30) days of entry of this Consent Decree, the Settling Defendants shall pay to EPA $13,248,000 for Past United States Response Costs, by one Electronic Funds Transfer ("EFT") to the U.S. Department of Justice lockbox bank, referencing the McColl Superfund Site CERCLA Number 9-04; United States of America, et al. v. Shell Oil Co., et al. CV 91-0589 RJK; DOJ number 90-11-2-3A; and U.S.A.O. file number 91-00-586. Payment shall be made in accordance with instructions provided by Plaintiffs to the Settling Defendants upon execution of the Consent Decree. Any EFT received at the DOJ lockbox bank after 11:00 A.M. Eastern Time will be credited on the next business day. At the time of payment, Settling Defendants shall simultaneously send written notice of payment and a copy of any transmittal documentation to EPA and DOJ in accordance with Section XI (Notices and Submissions).

b. Payment of Past State Response Costs. Within thirty (30) days of the entry of this Consent Decree, Settling

Defendants shall pay to the State $4,752,000 for Past State Response Costs, in the form of one certified check or cashier's check. The check shall be made payable to the California Department of Toxic Substances Control and shall reference United States, State of Calif. v. Shell Oil Co., et al., U.S. Dist. Ct. No. CV-91-0589-RJK; DTSC Project No. 400093; and Cal. DOJ Docket No. 49006-430-SD89CV0267. The Settling Defendants shall forward the check to:

Department of Toxics Substances Control
Accounting/Cashiers
400 P Street, 4th Floor
P.O. Box 806
Sacramento, CA 95812-0806

c. Application of Costs Paid to Costs Incurred. The Parties acknowledge that the amounts paid under this Decree are less than Plaintiffs' current claim. Because Plaintiffs will seek to recover the remaining portion of their claim from entities other than the Settling Defendants, Plaintiffs are applying the amounts paid under this Decree to costs other than the following costs:

(i) Contractor Costs: Acurex Corporation (EPA-C1), Contract No. 68-03-3267 ($58,991.18); Acurex Corporation (EPA-C2), Contract No. 68-C9-0038 ($80,000.00); Bechtel Environmental, Inc. (EPA-C4), Contract No. 68-W9-0060 ($62,529.20); CH2M Hill (EPA-C6), Contract No. 68-01-7251 ($2,795,054.83); CH2M Hill (EPA-C7), Contract No. 68-W9-0031 ($58,239.73); Ecology and Environment, Inc. (EPA-C9), Contract No. 68-01-7347 ($219,303.15); Ecology and Environment, Inc. (EPA-C10), Contract No. 68-01-7368 ($120,447.95); Environmental Emergency Services Co. (EPA-C11),

Contract No. 68-01-6860 ($18,895.57); ICF (EPA-C12), Contract No. 68-01-7456 ($22,315.25); PEI Associates,Inc. (EPA-C13), Contract No. 68-02-4284 ($76,912.98); Reidel Environmental Services, Inc. (EPA-C15), Contract No. 68-01-7334 ($219,942.05); Roy F. Weston (EPA-C16), Contract No. 6803-3482 ($3,038.72); Dean's Security Professionals (CA-C4), Contract No. 88-T0224 ($126,277.54); Ecology and Environment, Inc. (CA-C5), Contract No. 84-84544, 3-4-6 ($12,005.40); Ecology and Environment, Inc. (CA-C6), Contract No. 84-84544, 3-4-7 ($1,806.47); Ecology and Environment, Inc. (CA-C7), Contract No. 84-84544, 3-4-10 ($10,817.45); National Rent-A-Fence Co., Inc. (CA-C8), Contract No. 80-64394 ($3,539.40); National Rent-A-Fence Co., Inc. (CA-C9), Contract No. 81-77984 ($3,099.65); National Rent-A-Fence Co., Inc. (CA-C10), Contract No. 82-79924 ($2,999.65); Orange Coast Fence Company (CA-C11), Contract No. 87-T0092 ($2,025.00); Tetra Tech, Inc. (CA-C26), Contract No. 84-84543, 3-3-15 ($16,375.67); and Western Security Services (CA-C32), Contract No. 86-T0005 ($136,643.47);

(ii) U.S. EPA Intramural Expenditures: Expenditures from the following cost categories for the time period of October 1, 1987 through June 30, 1990: Regional payroll expenditures (EPA-L1), Headquarters payroll expenditures (EPA-L2), and Regional indirect costs (EPA-I1) (Total of $1,073,448.00);

(iii) U.S. Department of Justice Costs: (EPA-C8), costs incurred up through June 30, 1990 ($17,912.65);

(iv) State of California, Department of Health Services Intramural Costs: Expenditures from the following cost

categories for the time period of July 1, 1987 through September 30, 1990: DHS Payroll (CA-L1) and DHS Travel and Other Direct Costs (CA-T1) (Total of $632,994.00); and

(v) State Department of Justice Costs: (CA-L3), costs incurred during the time period of July 1, 1988 through June 30, 1991, in relation to California DOJ Docket No. 49006-430-SD89CV0267 (McColl Cost Recovery) ($52,909.85).

VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

5. Interest on Late Payments. In the event that any payments required by Section V or Section VI, Paragraph 6, are not made when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

6. Stipulated Penalty.

a. If any amounts due EPA or the State under this Consent Decree are not paid by the required date, the Settling Defendants shall pay as a stipulated penalty, in addition to the Interest required by Paragraph 5, $5,000 per day for each payment that is late.

b. Stipulated penalties are due and payable within thirty (30) days of the Settling Defendants' receipt from EPA or the State of a demand for payment of the penalties. All payments to EPA under this Paragraph 6 shall be paid in the manner described for the payment of response costs in Section V, paragraph 4(a) above. At the time of payment, Settling Defendants shall simultaneously send written notice of payment and a copy of any transmittal documentation to EPA and DOJ in accordance with

Section XI (Notices and Submissions). All payments to the State under this Paragraph 6 shall be paid by certified or cashier's check made payable to the California Department of Toxics Substances Control and shall reference United States, State of Calif. v. Shell Oil Co., et al., U.S. Dist. Ct. No. CV-91-0589-RJK; DTSC Project No. 400093; Cal. DOJ Docket No. 49006-430-SD89CV0267. All such payments shall be mailed to the address provided above in Section V, paragraph 4(b). Penalties shall accrue as provided above regardless of whether EPA or the State has notified the Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

7. If the United States or the State must bring an action to enforce this Consent Decree, the Settling Defendants shall reimburse the United States and the State for all costs of such action, including but not limited to attorneys' fees.

8. Payments made under Paragraphs 5-7 shall be in addition to any other remedies or sanctions available to the United States and the State by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

9. The obligations of the Settling Defendants to pay amounts owed the United States and the State under this Consent

Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

VII. ONGOING RESPONSE COSTS

10. The Parties acknowledge that the Court's September 28, 1993, judgment and order rendered in United States of America, et al. v. Shell Oil Co., et al., No. Cv-91-0589 RJK(Ex) ("Pending Action"), constitutes a declaratory judgment pursuant to Section 113(g)(2) of CERCLA in favor of Plaintiffs against the Settling Defendants for Ongoing Response Costs. The Parties further acknowledge the rights of Plaintiffs to seek to recover these Ongoing Response Costs in the Pending Action and the rights of the Settling Defendants to challenge these costs.

VIII. COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY THE UNITED STATES AND THE STATE

11. Covenant Not to Sue. Except as provided in Paragraph 12, the United States and the State covenant not to sue Settling Defendants under Section 107 of CERCLA or any other federal law or State law to recover Past United States Response Costs and Past State Response Costs paid pursuant to Section V of this Consent Decree. This covenant not to sue shall take effect upon receipt by EPA and the State of all payments required by Section V (Reimbursement of Response Costs) and Section VI, Paragraphs 5 (Interest on Late Payments) and 6 (Stipulated Penalty). This

covenant not to sue is conditioned upon the complete and satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

12. Reservation of Rights. Except as provided in Paragraph 11, nothing contained herein shall in any way limit or restrict the response and enforcement authority of the United States to initiate appropriate action, either judicial or administrative, under Sections 104, 106, and 107 of CERCLA, 42 U.S.C. §§ 9604, 9606, and 9607, or any other provision of law, against Settling Defendants or against any other person or entity not a party to this Consent Decree, and nothing contained herein shall in any way limit or restrict the response and enforcement authority of the State to initiate appropriate action, either judicial or administrative, under applicable provisions of federal and state law, against Settling Defendants or against any other person or entity not a party to this Decree. The covenant not to sue set forth in Paragraph 11 does not pertain to any matters other than those expressly specified therein. The United States and State reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural

resource damage assessments;

c. liability for response costs that have been or may be incurred by any natural resource trustees;

d. criminal liability;

e. liability for costs incurred or to be incurred by any federal or state agencies that are not within the definitions of "United States" or "State";

f. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA;

g. liability for Ongoing Response Costs;

h. liability arising from the past, present or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant beyond the Site;

i. liability arising from the future disposal, release, or threat of release of a hazardous substance, pollutant or contaminant at the Site; and

j. liability for past, present or future violations of federal or state law other than liability resolved by this Consent Decree.

## IX. COVENANT AND RESERVATION OF RIGHTS BY SETTLING DEFENDANTS

13. Covenant. Except for the claims described in paragraph 14(b) below, Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or the State with respect to this Consent Decree or Past United States Response Costs or Past State Response Costs paid pursuant to Section V of this Consent Decree, including, but not

limited to: (a) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA sections 106(b)(2), 111, 112, or 113, or any other provision of law; or (b) any claim against the United States or the State, or any department, agency, or instrumentality of the United States of America or the State of California pursuant to CERCLA Sections 107 and 113 related to the Past United States Response Costs or Past State Response Costs paid pursuant to Section V of this Consent Decree. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

14. a. Reservation of Rights Regarding Appeal. No final judgment has been entered in this action from which an appeal as of right may be taken and, by agreement of the parties, no such final judgment shall be entered against the Settling Defendants prior to the entry of judgment in the counterclaims asserted by these defendants in this action. At such time, all actions and orders of the Court are appealable as would otherwise be provided by law; provided, however, that Settling Defendants agree to pay the amounts required by Sections V and VI and to be bound by the covenants set forth in paragraph 13 above notwithstanding any outcome of that appeal, including but not limited to a judgment that Settling Defendants have no liability with respect to the McColl Site.

b. Reservation of Rights Regarding Counterclaims. Settling Defendants reserve their rights to pursue the claims set forth in their current counterclaims or related claims against the currently named counterdefendants, excluding the "United States" as defined in paragraph 3(o) of this Decree, in either this Court or any other court of appropriate jurisdiction and may name such other agencies of the United States as shown by the evidence to be the appropriate successor agencies to the wartime instrumentalities of the United States, with the exception of the "United States" as defined in paragraph 3(o) of this Decree. These claims include claims related to the amounts paid by Settling Defendants under this Consent Decree. This Decree shall have no affect on, and the named counterdefendants excluding the United States as defined in this Decree reserve, all rights these named counterdefendants have in the Pending Action.

## X. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

15. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a party

hereto.

16. With respect to claims for contribution against Settling Defendants in this Consent Decree, the Parties hereto agree that the Settling Defendants are entitled to seek such protection from contribution actions or claims as is provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for Past United States Response Costs and Past State Response Costs paid pursuant to Section V of this Consent Decree. Such protection is conditioned upon Settling Defendants' compliance with the requirements of this Consent Decree.

17. Settling Defendants agree that with respect to any suit or claim for contribution not currently pending brought by them for matters related to this Consent Decree they will notify EPA and DOJ and the State in writing no later than sixty (60) days prior to the initiation of such suit or claim. Settling Defendants also agree that with respect to any suit or claim for contribution not currently pending brought against them for matters related to this Consent Decree they will notify in writing EPA and DOJ and the State within ten (10) days of service of the complaint on them. In addition, Settling Defendants shall notify EPA and DOJ and the State within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial for matters related to this Consent Decree.

18. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other appropriate relief

relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section VIII (Covenant Not to Sue and Reservation of Rights by the United States and the State).

19. Plaintiffs agree that they will not oppose an application filed after the lodging of the Decree to lift the stay regarding the Settling Defendants' counterclaims on or after the date of entry of the Decree. This is without prejudice to any position taken by the United States as counterdefendants, which specifically reserve their rights to oppose any specific dates which may be proposed by the Settling Defendants, relating to the resumption of discovery, pre-trial conference, or the conducting of any pre-trial matters. Plaintiffs further agree that they will not seek to stay or otherwise delay the counterclaims if Plaintiffs file a supplemental response cost claim prior to a final order on the counterclaims. Settling Defendants likewise agree that they will not seek to stay or otherwise delay the supplemental response cost claim and further agree that the supplemental cost claim may proceed simultaneously with the counterclaims.

## XI. NOTICES AND SUBMISSIONS

20. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ and the State, and the Settling Defendants, respectively.

As to the United States or DOJ:

John Cruden
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

Re: United States v. Shell Oil Co. 91-0589 RJK
DOJ Number 90-11-2-3A

As to EPA:

Michael Montgomery
Remedial Project Manager
EPA Region IX
75 Hawthorne Street, H-6
San Francisco, California 94105

and

Greg Ritter
Office of Regional Counsel
EPA Region IX
75 Hawthorne Street, RC-3
San Francisco, California 94105

As to the State:

Caroline Rudolph, Project Manager
Program Development and Technical Support Branch
Department of Toxic Substances Control
400 P Street, 4th Floor
P.O. Box 806
Sacramento, CA 95812-0806

and

Steve Koyasako, Staff Attorney
Office of Legal Counsel
Department of Toxic Substances Control
400 P Street, 4th Floor
P.O. Box 806
Sacramento, CA 95812-0806

and

Timothy R. Patterson
Office of the Attorney General
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, California 92186-5266

The following shall serve as
the contact for all Settling Defendants:

Kathleen C. Gillmore, Esq.
Legal Department
Shell Oil Company
Suite 4884
One Shell Plaza
900 Louisiana Street
Houston, Texas 77002

## XII. RETENTION OF JURISDICTION

21. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

## XIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

22. This Consent Decree shall be lodged with the Court for a period of thirty (30) days for public notice and comment. The

United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without regard to the comments received and without further notice.

23. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV. SIGNATORIES/SERVICE

24. Each undersigned representative of a Settling Defendant to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the Deputy Director of the Site Mitigation Program, Department of Toxic Substances Control, California Environmental Protection Agency, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

25. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that the United States no longer supports entry of the Consent Decree.

signature page, the name and address of an agent ... authorized to accept service of process by mail on behalf of that party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

SO ORDERED THIS 9 DAY OF December, 1994.

ROBERT J. KELLEHER
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America, et al. v. Shell Oil Co., et al., No. Cv-91-0589 RJK(Ex), relating to the McColl Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 9/-/94

LOIS J. SCHIFFER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

PETER HSIAO
Assistant United States Attorney
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012

WILLIAM A. WEINISCHKE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

STEVEN A. HERMAN
Assistant Administrator for
Enforcement
U.S. Environmental Protection
Agency
401 M Street, SW
Washington, DC 20460

JOHN C. WISE
Deputy Regional Administrator
Region IX
U.S. Environmental Protection
Agency
75 Hawthorne Street
San Francisco, California 94105

GREGORY A. RITTER
Assistant Regional Counsel
U.S. Environmental Protection
Agency
Region IX
75 Hawthorne Street
San Francisco, California 94105

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States of America, et al. v. Shell Oil Co., et al., No. Cv-91-0589 RJK(Ex), relating to the McColl Superfund Site.

FOR THE STATE OF CALIFORNIA,
EX REL., CALIFORNIA DEPARTMENT OF HEALTH SERVICES, HAZARDOUS SUBSTANCE ACCOUNT, AND HAZARDOUS SUBSTANCE CLEANUP FUND

Date: 6/23/94

Margaret Felts

MARGARET FELTS
Deputy Director
Site Mitigation Program
Department of Toxic Substances Control
California Environmental Protection Agency
400 P Street, 4th Floor
P.O. Box 806
Sacramento, CA 95812-0806

Steve Koyasako

STEVE KOYASAKO
Staff Attorney
Office of Legal Counsel
Department of Toxic Substances Control
400 P Street, 4th Floor
P.O. Box 806
Sacramento, CA 95812-0806

DANIEL E. LUNGREN
Attorney General
RODERICK WALSTON
Chief Assistant Attorney General
THEODORA BERGER
Assistant Attorney General

Timothy R. Patterson

TIMOTHY R. PATTERSON
Deputy Attorney General
California Department of Justice
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, California 92186-5266

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America, et al. v. Shell Oil Co., et al., No. Cv-91-0589 RJK(Ex), relating to the McColl Superfund Site.

FOR DEFENDANT SHELL OIL COMPANY

Date: 5/26/94

[signature]

Rand N. Shulman
General Manager, Health Safety & Environment

Agent Authorized to Accept Service on Behalf of Shell Oil Company:

Kathleen C. Gillmore, Esq.
Legal Department
Shell Oil Company
Suite 4884
One Shell Plaza
900 Louisiana Street
Houston, Texas 77002

FOR DEFENDANT UNION OIL COMPANY OF CALIFORNIA

Date: ____________________

____________________

W. Carroll Jackson
General Manager, Corporate Environmental Remediation Technology Group

Agent Authorized to Accept Service on Behalf of Union Oil Company of California:

Robert King
Manager, Superfund Project
1201 West Fifth Street
Los Angeles, California 90017

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America, et al. v. Shell Oil Co., et al., No. Cv-91-0589 RJK(Ex), relating to the McColl Superfund Site.

FOR DEFENDANT SHELL OIL COMPANY

Date: ____________________

____________________
Rand N. Shulman
General Manager, Health Safety & Environment

Agent Authorized to Accept Service on Behalf of Shell Oil Company:

Kathleen C. Gillmore, Esq.
Legal Department
Shell Oil Company
Suite 4884
One Shell Plaza
900 Louisiana Street
Houston, Texas 77002

FOR DEFENDANT UNION OIL COMPANY OF CALIFORNIA

Date: June 17, 1994

____________________
W. Carroll Jackson
General Manager, Corporate Environmental Remediation Technology Group

Agent Authorized to Accept Service on Behalf of Union Oil Company of California:

Robert King
Manager, Superfund Project
1201 West Fifth Street
Los Angeles, California 90017