IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, ATLANTIC RICHFIELD COMPANY, and TEXACO, INC., | ) | |
| Plaintiffs, | ) | No. 06-141 C (Senior Judge Smith) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the first amended complaint, defendant, the United States, respectfully admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiffs' characterization of their case, to which no response is required.

2. The allegations contained in paragraph 2 constitute legal conclusions and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, admits only that plaintiffs produced "avgas," and generated and discharged hazardous substances, during World War II; otherwise denies.

3. The allegations contained in paragraph 3 constitute legal conclusions, to which no response is required.

4. Denies for lack of information sufficient to form a response.

5. Denies for lack of information sufficient to form a response.

6. Denies for lack of information sufficient to form a response.

7. Denies for lack of information sufficient to form a response.

8. Admits.

9. Admits the allegations contained in the first and second sentences of paragraph 9. Admits the allegations contained in the remainder of paragraph 9, including subparts a-j following the fourth sentence of that paragraph, to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies.

10. The allegations contained in paragraph 10 constitute legal conclusions, to which no response is required.

11. Admits the allegations contained in paragraph 11 to the extent consistent with the parties' stipulation number 609 in United States v. Shell Oil Co., et al., No. CV 91-589 (C.D. Cal.); otherwise denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contracts, which are the best evidence of their contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contracts, which are the best evidence of their contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contracts, which are the best evidence of their contents; otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contracts, which are the best evidence of their contents; otherwise denies.

16. Denies.

17. Admits the allegations contained in paragraph 17 to the extent supported by the cited filings in United States v. Shell, which are the best evidence of their contents; otherwise denies.

18. Admits the allegations contained in paragraph 18 to the extent supported by the cited orders and filings in United States v. Shell, which are the best evidence of their contents; otherwise denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the cited orders and filings in United States v. Shell, which are the best evidence of their contents; otherwise denies.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies those allegations. Admits the allegations contained in the second sentence of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

22. Defendant's responses to paragraphs 1-21 are incorporated by reference.

23. Denies, as vague, the allegation contained in paragraph 23 that the expenses incurred by plaintiffs are "substantial"; otherwise admits, but avers that defendant is not liable for plaintiffs' costs or expenses.

24. The allegations contained in paragraph 24 constitute legal conclusions and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits the allegations contained in the first sentence of paragraph 25. The remainder of the allegations contained in paragraph 25 constitute legal conclusions and plaintiffs'

characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute legal conclusions and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute legal conclusions and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Defendant's responses to paragraphs 1-27 are incorporated by reference.

29. The allegations contained in paragraph 29 constitute legal conclusions and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies each and every allegation not admitted, denied, or qualified above.

31. Denies that plaintiff is entitled to the relief requested in the "WHEREFORE" paragraphs immediately following paragraph 29, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

32. Plaintiff's claims are barred wholly or in part by accord and satisfaction.

33. Plaintiff's claims are barred wholly or in part by waiver.

34. Plaintiff's claims are barred wholly or in part by equitable estoppel.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

RUTH KOWARSKI
Senior Assistant General Counsel
Real Property Division
General Services Administration

February 25, 2008

CERTIFICATE OF FILING

I certify that on February 25, 2008, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick