**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, ATLANTIC RICHFIELD COMPANY, and TEXACO INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 06-CV-141 (Senior Judge Smith) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' APPENDIX IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Michael W. Kirk
*Counsel of Record*
COOPER & KIRK, PLLC
1523 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)

*Of Counsel*:
Michael Weitzner
COOPER & KIRK, PLLC
1523 New Hampshire Ave, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

June 20, 2008

# Index to Appendix

Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order (12/9/1999) .......................................... 1

Stipulated Facts of the Parties Relating to Pending Motions for Summary Judgment and Related Motions (¶ 323-24, 493-96) (6/23/1995) ............................ 33

Defendant's Response to Plaintiffs' Proposed Findings of Uncontroverted Fact (¶ 12, 23-24)(8/11/2006) .................................................................. 38

Final Judgment Pursuant to Rule 54(b) (10/13/1999) ............................................ 41

Second Five-Year Review Report for McColl Superfund Site (pgs. 14-15) (9/25/2007) ........................................................................................... 49

Declaration of Edmond Bourke & Exhibit A (6/20/2008) ..................................... 52

Summary of Interest Calculation on Pre-1998 Stipulated Costs ............................ 58

LOIS J. SCHIFFER
Acting Assistant Attorney General
Environment and Natural Resources Division

WILLIAM A. WEINISCHKE
KATHRYN SCHMIDT
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 514-4592
(202) 514-3906

NORA M. MANELLA
United States Attorney
Central District of California
LEON W. WEIDMAN
Chief, Civil Division
PETER HSIAO
Assistant United States Attorney
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
(213) 894-6117

Attorneys for Plaintiff United States of America

LODGED
CLERK, U.S. DISTRICT COURT
NOV 18 1994
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
DEC 9 1994
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
DEC 12 1994
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., Plaintiffs, v. SHELL OIL COMPANY, et al., Defendants. | CASE No. CV 91-0589 RJK(Ex) |
| AND RELATED CLAIMS | PARTIAL CONSENT DECREE AMONG PLAINTIFFS AND OIL COMPANY DEFENDANTS REGARDING CERTAIN COST CLAIMS AND ~~[PROPOSED]~~ ORDER |

Docketed
Mld copy Ptys
0345

DANIEL E. LUNGREN
Attorney General of the State of California

RODERICK WALSTON
Chief Assistant Attorney General

THEODORA BERGER
Assistant Attorney General

TIMOTHY R. PATTERSON
Deputy Attorney General
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, California 92186-5266
(619) 645-2013

Attorneys for Plaintiff State of California

TABLE OF CONTENTS


| | | |
|---|---|---|
| I. | BACKGROUND | 4 |
| II. | JURISDICTION | 5 |
| III. | PARTIES BOUND | 5 |
| IV. | DEFINITIONS | 5 |
| V. | REIMBURSEMENT OF RESPONSE COSTS | 8 |
| VI. | FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE | 11 |
| VII. | ONGOING RESPONSE COSTS | 13 |
| VIII. | COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY THE UNITED STATES AND THE STATE | 13 |
| IX. | COVENANT AND RESERVATION OF RIGHTS BY SETTLING DEFENDANTS | 15 |
| X. | EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION | 17 |
| XI. | NOTICES AND SUBMISSIONS | 20 |
| XII. | RETENTION OF JURISDICTION | 21 |
| XIII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 21 |
| XIV. | SIGNATORIES/SERVICE | 22 |

## I. BACKGROUND

A. The United States of America, on behalf of the Administrator of the United States Environmental Protection Agency, and the State of California, ex rel. California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund, filed a complaint in this matter pursuant to Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2), as amended ("CERCLA").

B. The complaint seeks, among other relief, reimbursement of response costs incurred, and a declaration of liability for response costs to be incurred, by the United States and State for response actions in connection with the release or threatened release of hazardous substances at the McColl Superfund Site in Fullerton, Orange County, California ("the Site").

C. The release or threatened release of hazardous substances at or from the Site has caused the United States and the State to incur response costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

D. The United States, the State and the Settling Defendants agree and this Court, by entering this Decree, finds that settlement of this matter will avoid further prolonged and complicated litigation and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b). This Court also has personal jurisdiction over the Settling Defendants. Solely for the purposes of this Consent Decree, the Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District and shall not challenge the entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and the State, and upon the Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 et seq.

b. "Consent Decree" shall mean this Decree.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, when the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

e. "Interest," in accordance with 42 U.S.C. § 9607(a), shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the U.S. Code, compounded annually.

f. "Ongoing Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the United States and the State have incurred in connection with the Site that were paid after the dates set forth in the definitions of "Past United States Response Costs" and "Past State Response Costs." Costs incurred before the dates set forth in the definitions of "Past United States Response Costs" and "Past State Response Costs" but paid after those dates are "Ongoing Response Costs." Interest on the amounts paid pursuant to Section V of this Decree, from July 31, 1993, through th[illegible] payment, is an "Ongoing Response Cost."

g. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral.

h. "Parties" shall mean the United States, the State of California and each and every Settling Defendant.

i. "Past State Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the State has incurred in connection with the Site and paid as follows: (1) California Department of Health Services costs incurred and paid through September 30, 1990; and (2) California Department of Justice costs incurred and paid through June 30, 1991, plus accrued interest on all costs described in this paragraph through July 31, 1993.

j. "Past United States Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the United States has incurred in connection with the Site and paid through June 30, 1990, plus costs incurred and paid to contractors through September 30, 1990, in circumstances where these latter costs were paid in part with federal funds and in part with state funds, plus accrued interest on all costs described in this paragraph through July 31, 1993.

k. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

l. "Settling Defendants" shall mean Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company and Texaco, Inc.

m. "Site" shall mean the McColl Superfund site located in Fullerton, Orange County, California, encompassing approximately

twenty-two acres and the areal extent of contamination therefrom.

n. "State" shall mean the State of California, ex rel. California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund.

o. "United States" shall mean the United States of America, acting on behalf of EPA and the United States Department of Justice ("DOJ") in its capacity on behalf of EPA.

V. REIMBURSEMENT OF RESPONSE COSTS

4. a. Payment of Past United States Response Costs. Within thirty (30) days of entry of this Consent Decree, the Settling Defendants shall pay to EPA $13,248,000 for Past United States Response Costs, by one Electronic Funds Transfer ("EFT") to the U.S. Department of Justice lockbox bank, referencing the McColl Superfund Site CERCLA Number 9-04; United States of America, et al. v. Shell Oil Co., et al. CV 91-0589 RJK; DOJ number 90-11-2-3A; and U.S.A.O. file number 91-00-586. Payment shall be made in accordance with instructions provided by Plaintiffs to the Settling Defendants upon execution of the Consent Decree. Any EFT received at the DOJ lockbox bank after 11:00 A.M. Eastern Time will be credited on the next business day. At the time of payment, Settling Defendants shall simultaneously send written notice of payment and a copy of any transmittal documentation to EPA and DOJ in accordance with Section XI (Notices and Submissions).

b. Payment of Past State Response Costs. Within thirty (30) days of the entry of this Consent Decree, Settling

Defendants shall pay to the State $4,752,000 for Past State Response Costs, in the form of one certified check or cashier's check. The check shall be made payable to the California Department of Toxic Substances Control and shall reference _United States, State of Calif. v. Shell Oil Co., et al._, U.S. Dist. Ct. No. CV-91-0589-RJK; DTSC Project No. 400093; and Cal. DOJ Docket No. 49006-430-SD89CV0267. The Settling Defendants shall forward the check to:

Department of Toxics Substances Control
Accounting/Cashiers
400 P Street, 4th Floor
P.O. Box 806
Sacramento, CA 95812-0806

c. _Application of Costs Paid to Costs Incurred_. The Parties acknowledge that the amounts paid under this Decree are less than Plaintiffs' current claim. Because Plaintiffs will seek to recover the remaining portion of their claim from entities other than the Settling Defendants, Plaintiffs are applying the amounts paid under this Decree to costs other than the following costs:

(i) _Contractor Costs_: Acurex Corporation (EPA-C1), Contract No. 68-03-3267 ($58,991.18); Acurex Corporation (EPA-C2), Contract No. 68-C9-0038 ($80,000.00); Bechtel Environmental, Inc. (EPA-C4), Contract No. 68-W9-0060 ($62,529.20); CH2M Hill (EPA-C6), Contract No. 68-01-7251 ($2,795,054.83); CH2M Hill (EPA-C7), Contract No. 68-W9-0031 ($58,239.73); Ecology and Environment, Inc. (EPA-C9), Contract No. 68-01-7347 ($219,303.15); Ecology and Environment, Inc. (EPA-C10), Contract No. 68-01-7368 ($120,447.95); Environmental Emergency Services Co. (EPA-C11),

Contract No. 68-01-6860 ($18,895.57); ICF (EPA-C12), Contract No. 68-01-7456 ($22,315.25); PEI Associates,Inc. (EPA-C13), Contract No. 68-02-4284 ($76,912.98); Reidel Environmental Services, Inc. (EPA-C15), Contract No. 68-01-7334 ($219,942.05); Roy F. Weston (EPA-C16), Contract No. 6803-3482 ($3,038.72); Dean's Security Professionals (CA-C4), Contract No. 88-T0224 ($126,277.54); Ecology and Environment, Inc. (CA-C5), Contract No. 84-84544, 3-4-6 ($12,005.40); Ecology and Environment, Inc. (CA-C6), Contract No. 84-84544, 3-4-7 ($1,806.47); Ecology and Environment, Inc. (CA-C7), Contract No. 84-84544, 3-4-10 ($10,817.45); National Rent-A-Fence Co., Inc. (CA-C8), Contract No. 80-64394 ($3,539.40); National Rent-A-Fence Co., Inc. (CA-C9), Contract No. 81-77984 ($3,099.65); National Rent-A-Fence Co., Inc. (CA-C10), Contract No. 82-79924 ($2,999.65); Orange Coast Fence Company (CA-C11), Contract No. 87-T0092 ($2,025.00); Tetra Tech, Inc. (CA-C26), Contract No. 84-84543, 3-3-15 ($16,375.67); and Western Security Services (CA-C32), Contract No. 86-T0005 ($136,643.47);

(ii) U.S. EPA Intramural Expenditures: Expenditures from the following cost categories for the time period of October 1, 1987 through June 30, 1990: Regional payroll expenditures (EPA-L1), Headquarters payroll expenditures (EPA-L2), and Regional indirect costs (EPA-I1) (Total of $1,073,448.00);

(iii) U.S. Department of Justice Costs: (EPA-C8), costs incurred up through June 30, 1990 ($17,912.65);

(iv) State of California, Department of Health Services Intramural Costs: Expenditures from the following cost