categories for the time period of July 1, 1987 through September 30, 1990: DHS Payroll (CA-L1) and DHS Travel and Other Direct Costs (CA-T1) (Total of $632,994.00); and

(v) State Department of Justice Costs: (CA-L3), costs incurred during the time period of July 1, 1988 through June 30, 1991, in relation to California DOJ Docket No. 49006-430-SD89CV0267 (McColl Cost Recovery) ($52,909.85).

VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

5. Interest on Late Payments. In the event that any payments required by Section V or Section VI, Paragraph 6, are not made when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

6. Stipulated Penalty.

a. If any amounts due EPA or the State under this Consent Decree are not paid by the required date, the Settling Defendants shall pay as a stipulated penalty, in addition to the Interest required by Paragraph 5, $5,000 per day for each payment that is late.

b. Stipulated penalties are due and payable within thirty (30) days of the Settling Defendants' receipt from EPA or the State of a demand for payment of the penalties. All payments to EPA under this Paragraph 6 shall be paid in the manner described for the payment of response costs in Section V, paragraph 4(a) above. At the time of payment, Settling Defendants shall simultaneously send written notice of payment and a copy of any transmittal documentation to EPA and DOJ in accordance with

Section XI (Notices and Submissions). All payments to the State under this Paragraph 6 shall be paid by certified or cashier's check made payable to the California Department of Toxics Substances Control and shall reference United States, State of Calif. v. Shell Oil Co., et al., U.S. Dist. Ct. No. CV-91-0589-RJK; DTSC Project No. 400093; Cal. DOJ Docket No. 49006-430-SD89CV0267. All such payments shall be mailed to the address provided above in Section V, paragraph 4(b). Penalties shall accrue as provided above regardless of whether EPA or the State has notified the Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

7. If the United States or the State must bring an action to enforce this Consent Decree, the Settling Defendants shall reimburse the United States and the State for all costs of such action, including but not limited to attorneys' fees.

8. Payments made under Paragraphs 5-7 shall be in addition to any other remedies or sanctions available to the United States and the State by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

9. The obligations of the Settling Defendants to pay amounts owed the United States and the State under this Consent

Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

## VII. ONGOING RESPONSE COSTS

10. The Parties acknowledge that the Court's September 28, 1993, judgment and order rendered in United States of America, et al. v. Shell Oil Co., et al., No. Cv-91-0589 RJK(Ex) ("Pending Action"), constitutes a declaratory judgment pursuant to Section 113(g)(2) of CERCLA in favor of Plaintiffs against the Settling Defendants for Ongoing Response Costs. The Parties further acknowledge the rights of Plaintiffs to seek to recover these Ongoing Response Costs in the Pending Action and the rights of the Settling Defendants to challenge these costs.

## VIII. COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY THE UNITED STATES AND THE STATE

11. Covenant Not to Sue. Except as provided in Paragraph 12, the United States and the State covenant not to sue Settling Defendants under Section 107 of CERCLA or any other federal law or State law to recover Past United States Response Costs and Past State Response Costs paid pursuant to Section V of this Consent Decree. This covenant not to sue shall take effect upon receipt by EPA and the State of all payments required by Section V (Reimbursement of Response Costs) and Section VI, Paragraphs 5 (Interest on Late Payments) and 6 (Stipulated Penalty). This

covenant not to sue is conditioned upon the complete and satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

12. Reservation of Rights. Except as provided in Paragraph 11, nothing contained herein shall in any way limit or restrict the response and enforcement authority of the United States to initiate appropriate action, either judicial or administrative, under Sections 104, 106, and 107 of CERCLA, 42 U.S.C. §§ 9604, 9606, and 9607, or any other provision of law, against Settling Defendants or against any other person or entity not a party to this Consent Decree, and nothing contained herein shall in any way limit or restrict the response and enforcement authority of the State to initiate appropriate action, either judicial or administrative, under applicable provisions of federal and state law, against Settling Defendants or against any other person or entity not a party to this Decree. The covenant not to sue set forth in Paragraph 11 does not pertain to any matters other than those expressly specified therein. The United States and State reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural

resource damage assessments;

c. liability for response costs that have been or may be incurred by any natural resource trustees;

d. criminal liability;

e. liability for costs incurred or to be incurred by any federal or state agencies that are not within the definitions of "United States" or "State";

f. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA;

g. liability for Ongoing Response Costs;

h. liability arising from the past, present or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant beyond the Site;

i. liability arising from the future disposal, release, or threat of release of a hazardous substance, pollutant or contaminant at the Site; and

j. liability for past, present or future violations of federal or state law other than liability resolved by this Consent Decree.

## IX. COVENANT AND RESERVATION OF RIGHTS BY SETTLING DEFENDANTS

13. Covenant. Except for the claims described in paragraph 14(b) below, Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or the State with respect to this Consent Decree or Past United States Response Costs or Past State Response Costs paid pursuant to Section V of this Consent Decree, including, but not

limited to: (a) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA sections 106(b)(2), 111, 112, or 113, or any other provision of law; or (b) any claim against the United States or the State, or any department, agency, or instrumentality of the United States of America or the State of California pursuant to CERCLA Sections 107 and 113 related to the Past United States Response Costs or Past State Response Costs paid pursuant to Section V of this Consent Decree. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

14. a. Reservation of Rights Regarding Appeal. No final judgment has been entered in this action from which an appeal as of right may be taken and, by agreement of the parties, no such final judgment shall be entered against the Settling Defendants prior to the entry of judgment in the counterclaims asserted by these defendants in this action. At such time, all actions and orders of the Court are appealable as would otherwise be provided by law; provided, however, that Settling Defendants agree to pay the amounts required by Sections V and VI and to be bound by the covenants set forth in paragraph 13 above notwithstanding any outcome of that appeal, including but not limited to a judgment that Settling Defendants have no liability with respect to the McColl Site.

b. Reservation of Rights Regarding Counterclaims. Settling Defendants reserve their rights to pursue the claims set forth in their current counterclaims or related claims against the currently named counterdefendants, excluding the "United States" as defined in paragraph 3(o) of this Decree, in either this Court or any other court of appropriate jurisdiction and may name such other agencies of the United States as shown by the evidence to be the appropriate successor agencies to the wartime instrumentalities of the United States, with the exception of the "United States" as defined in paragraph 3(o) of this Decree. These claims include claims related to the amounts paid by Settling Defendants under this Consent Decree. This Decree shall have no affect on, and the named counterdefendants excluding the United States as defined in this Decree reserve, all rights these named counterdefendants have in the Pending Action.

X. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

15. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a party

hereto.

16. With respect to claims for contribution against Settling Defendants in this Consent Decree, the Parties hereto agree that the Settling Defendants are entitled to seek such protection from contribution actions or claims as is provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for Past United States Response Costs and Past State Response Costs paid pursuant to Section V of this Consent Decree. Such protection is conditioned upon Settling Defendants' compliance with the requirements of this Consent Decree.

17. Settling Defendants agree that with respect to any suit or claim for contribution not currently pending brought by them for matters related to this Consent Decree they will notify EPA and DOJ and the State in writing no later than sixty (60) days prior to the initiation of such suit or claim. Settling Defendants also agree that with respect to any suit or claim for contribution not currently pending brought against them for matters related to this Consent Decree they will notify in writing EPA and DOJ and the State within ten (10) days of service of the complaint on them. In addition, Settling Defendants shall notify EPA and DOJ and the State within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial for matters related to this Consent Decree.

18. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other appropriate relief