Contract between Defense Supplies Corporation and Tidewater Associated Oil Company (Feb. 18, 1943) ("1943 Tidewater Contract"), Pl. App. 216-43.

Response:

This is a legal conclusion to which RCFC 56 requires no response here.

11. The contracts identified in Paragraphs 1-10 required the Oil Companies to produce, manufacture, sell, and deliver large volumes Avgas. 1942 Shell Contracts, Pl. App. 1-24; 1943 Shell Contract, Pl. App. 25-53; 1942 Union Oil Contract, Pl. App. 54-67; 1943 Union Oil Contract, Pl. App. 68-98; 1942 Richfield Contract, Pl. App. 99- 116; 1943 Richfield Contract, Pl. App. 117-48; 1942 Texas Contract, Pl. App. 149-63; 1943 Texas Contract, Pl. App. 164-91; 1942 Tidewater Contract, Pl. App. 192-215; 1943 Tidewater Contract, Pl. App. 216-43.

Response:

These are legal conclusions to which RCFC 56 requires no response here. They cannot be supported, in any event, by the cited documents, which are unsigned and not authenticated in this record.

12. "Two byproducts, acid sludge and spent alkylation acid, necessarily resulted from the production of avgas." United States v Shell Oil Co., No. 91-0589, 1995 U.S. Dist. LEXIS 19778, at *7 (C.D. Cal. Sept. 18, 1995); see also United States v. Shell Oil Co., 294 F.3d 1045, 1050-51 (9th Cir. 2002); United States v. Shell Oil Co., 13 F. Supp. 2d 1018, 1023-25 (C.D. Cal. 1998); Stipulation 398, 493-96' Pl/ App. 452, 510-11.

Response:

Uncontroverted as matter of chemistry.

reprocessing this acid were insufficient. When the resulting bottleneck threatened to halt avgas production, the Oil Companies dumped large quantities of spent alkylation acid at the McColl site." Shell, 294 F.3d. at 1051.

Response:

Uncontroverted, but the Government was not responsible. Pl. App. 520 (¶ 524). Moreover, "[t]he United States did not exercise any actual control over the Oil Companies' disposal of spent acid and acid sludge at the McColl site; indeed, it did not even know that the Oil Companies had contracts to dispose of their waste at the site." 294 F.3d at 1057.

23. "Most of the acid waste at the McColl Site began as fresh sulfuric acid … that was used in the alkylation units to produce alkylate for [Avgas]." Stipulation 496, Pl. App. 511; See, e.g., Shell, 13 F. Supp. 2d.at 1023-26.

Response:

This is literally uncontroverted but incomplete and potentially misleading. A majority of the total waste discovered at the McColl site "was acid sludge resulting from the chemical treatment of non-avgas refinery products using spent alkylation acid." 294 F.3d at 1051 (emphasis added).

24. The remaining acid waste at the McColl Site was related to benzol production. Shell at 294 F.3d.1051; Shell, 13 F. Supp. 2d at 1023.

Response:

Uncontroverted, but, for precision, "about 5.5% was acid sludge resulting from the treatment of government-owned benzol." 294 F.3d at 1051.

46-64-001 (B) (10)

RONALD L. OLSON
PETER R. TAFT
CYNTHIA L. BURCH
MUNGER, TOLLES & OLSON
355 South Grand Avenue
Los Angeles, CA 90071-1560
(213) 683-9100

LOIS J. SCHIFFER
Assistant Attorney General
Environment & Natural Resources Division
JOSHUA M. LEVIN
MICHAEL J. ZEVENBERGEN
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: 202-514-4198

ALEJANDRO N. MAYORKAS
United States Attorney
JOHN RUBINER
Assistant United States Attorney
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: 213-894-2451

Attorneys for United States of America

Ent closed

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

FILED CLERK, U.S. DISTRICT COURT OCT 12 1999 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

ENTERED CLERK, U.S. DISTRICT COURT OCT 13 1999 CENTRAL DISTRICT OF CALIFORNIA DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: 10/13/99
DEPUTY CLERK

LODGED CLERK, U.S. DISTRICT COURT OCT - 5 1999 CENTRAL DISTRICT OF CALIFORNIA DEPUTY
4:20

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHELL OIL COMPANY, et al.,<br><br>Defendants,<br><br>AND RELATED ACTIONS. | CASE NO. Civ. 91 0589 RJK(Ex)<br><br>FINAL JUDGMENT PURSUANT TO RULE 54(b) FRCP<br><br>Date: [not set]<br>Time: [not set]<br>Ctrm: Honorable Robert J. Kelleher |

Docketed
Mld copy Ptys
Mld Notice Ptys
JS-6

OCT 13 1999

(188) 10

WHEREAS this Court entered partial summary judgment on behalf of Plaintiffs, the United States of America and the State of California, against Defendants, Shell Oil Company, Inc., Atlantic Richfield Company, Texaco, Inc. and Union Oil Company of California (hereinafter the "Oil Companies") on liability pursuant to the Complaint on September 29, 1993, in relation to the McColl Superfund Site located in the City of Fullerton, in Orange County, California;

WHEREAS this Court entered a "Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order" on December 12, 1994, which resolved Plaintiffs' claims for recovery of costs incurred through approximately June 1990, which claims were paid by the Oil Companies in the amount of $18,000,000; and

WHEREAS the Partial Consent Decree, entered December 12, 1994, provides at paragraph 10 that the Judgment and Order filed by the Court on September 28, 1993, constitutes a declaratory judgment pursuant to 42 U.S.C. § 9613(g)(2) in favor of Plaintiffs against the Defendant Oil Companies for further response costs, which include all response costs with regard to the McColl Superfund Site incurred by the Plaintiffs after approximately June 1990;

WHEREAS this Court entered partial summary judgment on behalf of the Oil Companies against the United States as Counterdefendant on liability pursuant to Claims I and II of the Oil Companies' Counterclaim on September 18, 1995;

WHEREAS this Court entered a Memorandum and Order on August 12, 1998, allocating 100% of the liability for CERCLA response costs at the McColl Superfund Site to the United States as Counterdefendant;

WHEREAS the United States as Counterdefendant and the Oil Companies have stipulated to the response costs incurred or paid by the Oil Companies up to and including October 1998, in accordance with the terms of a "Stipulation" signed by the United States and the Oil Companies, dated September 30, 1999 ("Stipulation");

WHEREAS the United States and the State of California, as Plaintiffs, have outstanding demands against the Oil Companies for response costs incurred by the Plaintiffs for the period beginning in approximately June 1990, plus prejudgment interest from the applicable dates of demand, which costs have not yet been stipulated to by the parties;

WHEREAS the United States is presently responsible for 100% of the response costs incurred by the Plaintiffs, as a result of the Court's Memorandum and Order of August 12, 1998;

WHEREAS the Plaintiffs have continued to incur response costs in relation to the McColl Superfund Site and intend to assert additional cost recovery claims against responsible parties;

WHEREAS the parties have not completed their review of supporting documentation for the Plaintiffs' outstanding response cost claims, but have established a schedule to do so in the near future;

WHEREAS, subject to appeal, allocation of said response costs will be in accord with this Court's Memorandum of Decision and Order entered August 12, 1998, and proceedings with respect to the determination of said costs will continue in this Court under its continuing jurisdiction until resolved by stipulation or further proceedings;

WHEREAS the parties agree that Plaintiffs retain all their rights to pursue their claims for response costs to judgment in this Court, and the Oil Companies retain the right to seek allocation of those costs and additional response costs incurred since September 1, 1998, in accord with the Memorandum of Decision and Order entered August 12, 1998;

WHEREAS on April 28, 1997, the Oil Company defendants on one side and defendant McAuley LCX Corporation on the other dismissed with prejudice cross claims filed against each other;

WHEREAS on January 16, 1997, this Court entered a First Amended Consent Decree between Plaintiffs and Defendant, McAuley LCX Corporation, adjudicating all rights between said parties;

WHEREAS on or about March 12, 1993, the Plaintiffs and the Defendant Oil Companies dismissed without prejudice their claims against defendants Los Coyotes Estates, LTD, and Ramparts Research & Financial Corp.; and

WHEREAS, based upon these circumstances, the Court finds that judicial efficiency will be promoted by the entry of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as described below:

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Subject to its right to appeal the Court's Orders dated September 18, 1995 and August 12, 1998, the United States as Counterdefendant shall pay to the Oil Companies the amount specified in the Stipulation, on the schedule and in accordance with the contingencies and other terms set forth in the Stipulation. Said payment shall represent response costs incurred by the Oil Companies,

including amounts paid to the plaintiffs, up to and including October 1998. Interest shall be determined and payable as provided by 42 U.S.C. § 9607.

2. The Court will retain jurisdiction over outstanding consent decrees and claims not yet adjudicated.

3. The Court determines under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay in entering final judgment upon the Plaintiffs' complaint and the Oil Companies' counterclaim based on the partial summary judgments, consent decrees, orders, dismissals and stipulations heretofore described, and hereby expressly directs that final judgment be entered, and the same here is entered.

Dated: OCT 28 1999

The Honorable Robert J. Kelleher
United States District Judge

Judgment entered.

Clerk

Dated: __________, 1999

STIPULATION

1. This STIPULATION ("Stipulation") is entered into as of the 30th day of September 1999 between the Parties, the Plaintiff and Counterclaim-Defendant, UNITED STATES OF AMERICA ("United States") and the Defendants and Counterclaim-Plaintiffs, Shell Oil Company, Inc., Atlantic Richfield Company, Texaco, Inc. and Union Oil Company (hereinafter the "Oil Companies").

2. The Parties hereby acknowledge that the United States is reserving all rights to appeal the Court's Orders dated September 18, 1995 and August 12, 1998 (the "Orders"), and that the Oil Companies are reserving all rights to appeal the Court's Order of September 29, 1993, and that nothing in this Stipulation shall in any way prejudice such rights of appeal.

3. In order to avoid any further litigation regarding the amount of the Oil Companies' claimed response costs under Counts I and II of the Counterclaim in this matter, the Parties stipulate in compromise that the Oil Companies' total claimed response costs (excluding interest but including payments made by the Oil Companies to Plaintiffs) through October 31, 1998 consists of the sum of $64,219,514.46.

4. If the Orders are affirmed by a final order of a Federal district court from which there is no further appeal (hereafter, "final order"), or if the time for appeal from a final order runs without an appeal being filed, the United States shall pay to the Oil Companies the sum of $64,219,514.46. Such payments shall occur as soon as reasonably practicable after the United States receives notice of any final order, or upon the expiration of time for appeal

without an appeal being filed. Interest shall be determined and payable as provided by 42 U.S.C. § 9607. In the event that the Orders are not affirmed in full, the Parties shall again negotiate in good faith to attempt to reach a stipulated payment for response costs.

5. The parties stipulate that payment shall be in the form of Electronic Funds Transfer in accordance with instructions provided by the Oil Companies.

6. In the event that payments specified by this Stipulation are not made within one hundred and twenty days (120) days of the United States' receipt of notice of a final order affirming the Orders, or upon the expiration of time for appeal without an appeal being filed, post-judgment interest on the unpaid balance shall be paid at the rate established pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), commencing on the date the United States receives notice, or upon expiration of time for appeal, and accruing through the date of the payment.

7. The Parties to this Stipulation recognize and acknowledge that the payment obligations of the United States can only be paid from appropriated funds legally available for such purpose. Nothing in this Stipulation shall be interpreted or construed as a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

FOR THE UNITED STATES

LOIS J. SCHIFFER
Assistant Attorney General
Environment & Natural Resources
Division

Dated: 9/30/99

By: [signature]

JOSHUA M. LEVIN
MICHAEL J. ZEVENBERGEN
Environmental Defense Section
United States Department of Justice

ALEJANDRO N. MAYORKAS
United States Attorney

JOHN RUBINER
Assistant United States Attorney
Central District of California
Counsel for the United States of America

FOR THE OIL COMPANY DEFENDANTS

MUNGER, TOLLES & OLSON

Dated: 9-28-99

By: [signature]

RONALD L. OLSON
PETER R. TAFT
CYNTHIA L. BURCH
Counsel for Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company and Texaco, Inc.