# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| **SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, ATLANTIC RICHFIELD COMPANY, and TEXACO INC.**,  *  *  * | No. 06-141C |
| *Plaintiffs,* | |
| v. | Senior Judge Loren A. Smith |
| **THE UNITED STATES**, | |
| *Defendant.* | Filed: February 2, 2010 |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

The Court has received a motion containing two requests from the Government concerning the conflict of interest that the Court identified to the parties counsel at the hearing on November 16, 2009. At that time, the Court stated that it intended to vacate those portions of the various decisions in this case related to the conflict created by the Court's wife's inheritance of 97.59 shares of Chevron stock. (Tr. at 3, Nov. 16, 2009.) Chevron had acquired both Texaco and Union Oil, two of the four companies having claims against the Government in this matter. These date to the World War II production of Avgas for the war effort. Plaintiffs brought this action seeking reimbursement of those costs from the United States. The Court held that the costs incurred by the Oil Companies under the CERCLA cleanup were "charges" within the meaning of the "Taxes" clause of the aviation gasoline supply contracts. *Shell Oil Co. v. United States*, 80 Fed. Cl. 411, 415-416 (2008). Shell Oil and Atlantic Richfield had 77.52%, Texaco had 3.54% and Union Oil had 18.94% of the dollar award. The case was litigated almost totally on the Shell Oil transaction and facts.

The Court indicated at the hearing that it felt there was no alternative to vacating all the decisions relating to Texaco. (Tr. at 3, Nov. 16, 2009.) At that time it was not known to the Court that Union Oil was also now owned by Chevron. But the same logic applied. The Court also stated that if both parties had a mutually agreed alternative it would at least consider it but otherwise would enter an order on November 20, 2009 vacating those parts of the opinion relating to the conflict. *Id.* at 4. Both parties asked for more time to analyze the issue. *Id* at 6. The Court granted this request and informed the parties that it would enter the order on November 30, 2009. *Id*. at 7. By Motion dated November 17, 2009, the Government asked the Court to further stay the recusal order (which the Court has called the vacating order), which the Court granted. Thereafter, on December 10, 2009 the Government filed a Motion for Relief from Judgment and for Recusal. Then, on December 28, 2009, before full briefing on its Motion, the Government chose to appeal the whole decision rather

than await the Court's action of vacating the judgment. On that same date, Plaintiffs responded to the Government's Motion. On January 7, 2010 the Government filed its reply. On January 19, 2010, the Court held a status conference.

At the January 19, 2010 status conference the Court discussed the pending motion and notice of appeal. The Court informed the parties that it would not be able to rule on the motion as the case was now on appeal. (Tr. at 4, Jan. 19, 2010.) The Plaintiffs agreed; the Government did not. The Government argued that it filed its Motion "well before the deadline for appealing [a]nd that I don't think that Rule 60 can be so construed to basically allow the opposing party to run out the clock . . . ." *Id*. a t 5. However, that is not true. The Government filed its Rule 60(b) Motion approximately two weeks before the appellate deadline ran, clearly not "well" before the deadline. Then, before briefing was completed, the Government filed its notice of appeal. The Government argued that the Rule 60(b) Motion did not stop the appellate clock and, therefore, the Government was forced to file its notice of appeal. *Id*. at 6. This argument is disingenuous. The Government was fully aware that this Court was vacating its previous final judgment and entering a new judgment. (*See generally* Tr. Nov. 16, 2009.) That would have been the final order from which either party could have appealed. Instead, the Government chose to file its appeal while briefing was taking place on its own Rule 60(b) Motion. The Government could also have asked the Court to extend its time to appeal. FRAP 4(a)(5)(A)(ii). The Court has never denied such a request.

As the Court stated during the January 19, 2010 status conference, the Government's appeal prevents the Court from taking action on its Motion. *See Yachts America, Inc. v. United States*, 8 Cl. Ct. 278 (1985), *aff'd*, 779 F.2d 656, *cert. denied. sub. nom.*, *Wilson v. United States*, 479 U.S. 832 (1986); *see also Placeway Constr. Corp. v. United States*, 19 Cl. Ct. 484 (1990). These cases are quite clear that "[o]nce an appeal is filed, the trial court loses jurisdiction over the case except to act in aid of the appeal." *Yachts America*, 8 Cl. Ct. at 281. The Court need not decide whether it can act in this instance. Instead, *Yachts America* is clear that "[t]he Court may not have jurisdiction to vacate its own judgment while the case is pending on appeal." *Id.* As the Government requests this Court to "vacate its judgments and all interlocutory orders leading to it," (Def.'s Br. at 1.), the Court is without jurisdiction to act. Further, the Government requests that this Court recuse itself from the case. The problem with this request is that because of the Government's decision to appeal there is no case to be recused from. It would not only be improper but highly presumptuous for the Court to take any action while this appeal is before the Federal Circuit.

The reality is quite simple, this Court no longer has any jurisdiction over this case. Obviously, the Government could restore jurisdiction by withdrawing its appeal, in which case the Court would vacate its earlier decisions with respect to Texaco and Union Oil. The Government could then appeal the Shell Oil and Atlantic Richfield portions of the decision. The case almost solely focuses on the facts in Shell's case. It could also then re-litigate the Texaco and Union Oil cases before another judge. The fourth party, Atlantic Richfield, like Shell Oil, raises no conflict issue. The Court, however, makes no suggestion with regard to this issue as the Government is competent to decide its own appellate policy.

In light of this Order, the Court hereby **CANCELS** the status conference previously scheduled for Thursday, February 4, 2010.

**It is so ORDERED.**

s/ Loren A. Smith
LOREN A. SMITH
SENIOR JUDGE